**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

IAQ, INC., a/k/a Duct Doctor :
Plaintiff :
:
v. :
:
DUCT DOCTOR, INC., f/k/a :
THE DUCT DOCTOR, INC., :
a Massachusetts Corporation, :
and PETER J. HODKINSON, :
Individually :
Defendants :

[redacted] 05 226 S

CA No. ____________

## COMPLAINT

Plaintiff, IAQ, Inc., owner of the federally registered trademark "Duct Doctor," brings this Complaint against the defendants, Duct Doctor, Inc. and Peter J. Hodkinson, alleging willful and intentional infringement of the its trademark and cyber squatting, and seeking preliminary and permanent injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1114 et. Seq.

## THE PARTIES

1. Plaintiff IAQ, Inc. ("IAQ Duct Doctor") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 5555 Oakbrook Parkway, Atlanta, Georgia. IAQ Duct Doctor is the owner of all rights in and to United States Trademark Reg. No. 1,720,661 for the words "Duct Doctor."

2. Defendant Duct Doctor, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 467 Milford Road, Swansea, Massachusetts ("Mass. Duct Doctor").

3. Defendant Peter J. Hodkinson ("Hodkinson") is a resident of Fall River, Massachusetts. Hodkinson is, upon information and belief, the founder of what is now Mass. Duct Doctor, and he is an officer and the principal of the corporate defendant.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C § 1331 and under 15 U.S.C. § 1121(a), involving violations of the Lanham Act.

5. Venue is proper under 28 U.S.C. 1391(b).

6. The defendants are subject to this Court's personal jurisdiction as they have had regular and substantial contact in and within the State of Rhode Island.

**FACTS SPECIFIC TO ALL COUNTS**

The Plaintiff

7. IAQ Duct Doctor, headquartered in Atlanta, Georgia, is a franchisor of ventilation duct cleaning businesses. IAQ Duct Doctor currently has franchises in nine states stretching from Texas to Connecticut, seventy-five cities, and one foreign country, but offers franchises nationwide and internationally. IAQ Duct Doctor, through its franchised operations, provides air duct cleaning and maintenance services to business, industrial, government, and individual clients, and provides its services at educational, health care, and government buildings, at military facilities, and at private residences.

8. On January 21, 1992, IAQ Duct Doctor, through it predecessor, duly filed and applied for registration of the words "Duct Doctor" with the United States Patent and Trademark Office. The words "Duct Doctor" are registered on the Principal Register of the United States Patent and Trademark Office, as recognized by Reg. No. 1,720,661, issued

on September 29, 1992 (the "Duct Doctor Trademark"). A true and accurate copy of the Certificate of Registration for plaintiff's Duct Doctor Trademark is attached hereto as *Exhibit A*. The registration was successfully renewed, in the name of IAQ, Inc., in January, 2003. *See Exhibit A*.

9. In approximately 1997, IAQ Duct Doctor registered the Internet domain name "ductdoctor.com," and thereafter posted an Internet website accessible to the world by way of the World Wide Web. Plaintiff's website contains and utilizes, among other features, the Duct Doctor Trademark, depicts the mark used on a custom-built service vehicle, and contains interior "before and after" views of air ducts in promotion and advertisement of plaintiff's business.

10. IAQ Duct Doctor's unique business system enables and assists franchise owners to operate and grow their own duct cleaning businesses. The Duct Doctor® system employs and provides for franchisees proprietary trucks and cleaning equipment and instructs and requires the use of methods that meet or exceed standards of the National Institute of Safety and Health ("NIOSH") and the industry-standard National Air Duct Cleaners Association ("NADCA"). IAQ Duct Doctor offers its franchisees the benefit of use of its valuable trademark and its proven business system, and all IAQ Duct Doctor franchisees operate under the Duct Doctor Trademark and benefit from the Duct Doctor name, trademark, logo and goodwill.

11. IAQ Duct Doctor expends substantial sums of money each year advertising and promoting its business through and by way of the careful use of its Duct Doctor Trademark throughout the United States. IAQ Duct Doctor permits its franchisees to

use the Duct Doctor Trademark in connection with the operation of their businesses under carefully controlled conditions and only pursuant to the terms of a written license.

The Defendants and Their Infringement

12. Sometime in approximately 1995, Hodkinson incorporated an entity known as The Duct Doctor, Inc. in Massachusetts. That corporation was involuntarily dissolved in 1998. Four years later, in 2002, Hodkinson or his agent formed a new corporation, the present defendant Duct Doctor, Inc., and Hodkinson became its president.

13. Upon information and belief, defendant Mass. Duct Doctor is (and its predecessor was) in the business of providing air duct cleaning services to commercial and residential customers in Massachusetts and in Rhode Island, and the services are substantially similar to those offered by IAQ Duct Doctor and its franchisees.

14. In February 2003, the defendants registered the Internet domain name "ductdoctor-ne.com" through an Internet registrar. The defendants thereafter created an Internet website accessible to the world by way of the "ductdoctor-ne.com" designation on the World Wide Web. The defendants' website "ductdoctor-ne.com" – just like the plaintiff's "ductdoctor.com" -- contains and utilizes the Duct Doctor Trademark, depicts the mark used on a custom-built service vehicle, and contains interior "before and after" photographs of air ducts in the promotion and advertisement of defendants' business.

15. Mass. Duct Doctor is not and has never been a franchisee or licensee of IAQ Duct Doctor, and has never been granted permission to utilize the Duct Doctor Trademark in any way.

16. The defendants adopted the name Duct Doctor well after the plaintiff

had established and secured its exclusive right to use its mark, and the defendants knew of plaintiff, its services, its trademark rights, and its registered domain name "ductdoctor.com" when it registered the "ductdoctor-ne.com" domain name.

17. By written notices dated and sent certified mail in January and in April, 2005, and earlier, plaintiff directed defendants to cease and desist from using the name "Duct Doctor" in connection with their business, on their website, and in and as part of their domain name, and placed defendants on notice that failure to do so would result in a lawsuit being filed against them. Defendants ignored plaintiff's notices, and their unauthorized use of the Duct Doctor Trademark as described herein and in other ways continues to this day.

18. Hodkinson is personally liable for actions undertaken by his business during the period of corporate revocation, and at times thereafter when Hodkinson has acted outside the scope of his corporate duties in willfully and intentionally acting in violation of plaintiff's rights.

**COUNT I**
**15 U.S.C. § 1114 (a)**
**VIOLATION OF PLAINTIFF'S EXCLUSIVE RIGHTS**

19. Plaintiff repeats and realleges each and every allegation set forth above as if more fully set forth at length herein.

20. Defendants have violated plaintiff's exclusive rights to use the Duct Doctor Trademark by adopting and using a business name, trade name, website address and other incidents of commerce that are confusingly similar to plaintiff's trademark. Defendants' business and trade name is in fact identical to plaintiff's mark and defendants' website address "ductdoctor-ne.com" is a colorable imitation of plaintiff's registered trademark.

21. Defendants use the trade name "Duct Doctor" in commerce in connection with the sale, offering for sale, distribution and advertising of goods and services, and the goods and/or services offered by defendants are substantially identical to the goods and/or services offered by plaintiff and its licensed franchisees.

22. Upon information and belief, defendants use the name "Duct Doctor" on signs, business vehicles, equipment, and on advertisements used and intended to be used in interstate commerce or in connection with the sale, offering for sale, distribution, promotion and advertising of goods and/or services, and in the operation of an Internet Web site prominently displaying, advertising, and promoting their services utilizing the Duct Doctor Trademark.

23. The defendants' offer and sale of substantially identical goods and/or services under the identical or substantially similar name as plaintiff is likely to cause confusion or to cause mistake or to deceive not only customers of plaintiff and its franchisees but also potential franchise purchasers.

24. By reason of the above, defendants have violated the exclusive rights of plaintiff in and to its use of the registered trademark "Duct Doctor" and are liable in a civil action under 15 U.S.C. 1114.

25. Defendants' use of the Duct Doctor Trademark in connection with its goods and/or services has been made notwithstanding plaintiff's well-known and prior established rights in the trademark and with both constructive and actual notice of plaintiff's federal registration rights under 15 U.S.C. § 1072. Upon information and belief, defendants were aware of the plaintiff, its trademark and the services provided by plaintiff prior to

adopting the name Duct Doctor for themselves, and therefore their violation of plaintiff's trademark rights was willful and intentional under the Lanham Act from the beginning.

26. Upon information and belief, defendants used the name "Duct Doctor" in imitation of plaintiff's trademark with the intention to benefit from association with plaintiff's name in that such use was intended to cause confusion, mistake or to deceive potential customers, or otherwise improperly to benefit from the goodwill associated with plaintiff's mark.

27. By reason of the above, plaintiff is in violation of 15 U.S.C. § 1114(a) and (b) and plaintiff is entitled to recover profits and damages from defendant in an amount to be determined at trial.

28. Upon information and belief, defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to plaintiff's business, reputation and good will and to its federally registered trademark, for which plaintiff has no adequate remedy at law.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. § 1125(a)

29. Plaintiff repeats and realleges each and every allegation set forth above as if more fully set forth at length herein.

30. Upon information and belief, defendant has used the designation Duct Doctor in connection with its services in interstate commerce. Said use of the designation Duct Doctor is a false designation of origin, a false or misleading description and

representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of defendants with plaintiff and as to the origin, sponsorship, or approval of defendants' services and commercial activities by plaintiff.

31. Upon information and belief, defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to plaintiff's business, reputation and good will and to the Duct Doctor Trademark, for which plaintiff has no adequate remedy at law.

**COUNT III**
**15 U.S.C. § 1125 (c)**
**DILUTION OF PLAINTIFF'S TRADEMARK**

32. Plaintiff repeats and realleges each and every allegation made above as if more fully stated at length herein.

33. Upon information and belief, plaintiff's Duct Doctor Trademark is a famous mark and had become famous prior to defendants' first unauthorized use of the name Duct Doctor, as alleged. The Duct Doctor Trademark is a distinctive mark that is used extensively in connection with advertising for plaintiff's services, and those of its franchisees throughout the United States in advertising, wherever plaintiff's franchisees are located, and everywhere through advertising on the Internet. Plaintiff's Duct Doctor Trademark is recognized widely, particularly among the market of potential franchisees.

34. Upon information and belief, defendants willfully intended to trade upon plaintiff's reputation and/or to cause dilution of plaintiff's famous Duct Doctor Trademark.

35. Defendants' unauthorized use of the Duct Doctor Trademark has and,

unless restrained by the Court, is likely to continue to dilute and blur the distinctive quality and to tarnish plaintiff's Duct Doctor Trademark, causing irreparable injury and other damage to plaintiff's business, reputation and good will in the Duct Doctor Trademark, for which plaintiff has no adequate remedy at law.

**COUNT IV**
**15 U.S.C. § 1125 (d)**
**CYBERSQUATTING**

36. Plaintiff repeats and realleges each and every allegation made above as if more fully stated at length herein.

37. The foregoing acts of the defendants constitute a bad faith attempt to profit from the Duct Doctor Trademark, and registering, maintaining, and utilizing the "ductdoctor-ne" domain name, which is confusingly similar to the Duct Doctor Trademark and name, in the promotion and advertising of their business, is a violation of the Anti-Cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

38. Upon information and belief, defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to plaintiff's business, reputation, and good will in the Duct Doctor Trademark, for which plaintiff has no adequate remedy at law.

**WHEREFORE**, IAQ, Inc. respectfully requests that this Court enter judgment against defendants Duct Doctor, Inc., and Peter J. Hodkinson as follows:

A. Temporarily restraining and preliminarily and permanently enjoining, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, Duct Doctor, Inc.

and Peter J. Hodkinson, their agents, servants, employees, officers, directors, successors in interest, heirs, assigns, attorneys, and all other persons in active concert or participation with any of them, from using or employing the Duct Doctor Trademark and any word, words, phrase, symbol, logo, etc., which would create a likelihood of confusion, mistake, or deception therewith, including without limitation the ductdoctor-ne.com domain name, in connection with the marketing, offering, selling, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of their business, services, and products;

B. Requiring Duct Doctor, Inc., and Peter J. Hodkinson to recall from its offices and all others, whether persons, firms, or corporations, acting by or under its authority, in active concert or privity or in participation with them, any material containing the Duct Doctor Trademark in any way and any word, words, phrase, symbol, logo, etc., which would create a likelihood of confusion, mistake, or deception therewith, including without limitation the ductdoctor-ne.com domain name, in connection with the marketing, offering, selling, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of their business, services, and products;

C. Transferring the domain name "ductdoctor-ne.com" and any and all other confusingly similar domain names registered by Duct Doctor, Inc., Peter J. Hodkinson, or any of its or their agents, to IAQ, Inc., pursuant to 15 U.S.C. § 1125(d).

D. Requiring Duct Doctor, Inc., and Peter J. Hodkinson to account for the profits realized during defendants' unauthorized use of the Duct Doctor Trademark, and to award

judgment to IAQ., Inc., against Duct Doctor, Inc. and Peter J. Hodkinson in that amount, trebled pursuant to 15 U.S.C. § 1117;

E. Awarding judgment to IAQ., Inc. against Duct Doctor, Inc. and Peter J. Hodkinson for the actual damages sustained by IAQ., Inc. resulting from the dilution and infringement of its rights by Duct Doctor, Inc. and Peter J. Hodkinson, including attorneys' fees, and awarding royalties based on a percentage of defendants' gross revenues, in amounts to be determined by the Court, and trebled pursuant to 15 U.S.C. § 1117;

F. Requiring Duct Doctor, Inc. and Peter J. Hodkinson to file with this Court and serve on IAQ, Inc. within thirty days after entry of the injunction a report in writing and under oath setting forth in detail the manner and form in which Duct Doctor, Inc. and Peter J. Hodkinson have complied with all injunctive measures;

G. Awarding judgment to IAQ. Inc. against Duct Doctor, Inc., and Peter J. Hodkinson for the gains, profits, and advantages they have obtained as a result of their wrongful and willful actions constituting unfair, unlawful, and fraudulent business practices.

H. Awarding judgment to IAQ, Inc. against Duct Doctor, Inc., and Peter J. Hodkinson for punitive damages arising from their wrongful and willful actions constituting unfair, unlawful, and fraudulent business practices;

I. Declaring this to be an exceptional case within the meaning of the Lanham Act, and thereby awarding IAQ, Inc. its reasonable attorneys' fees;

J. Awarding IAQ, Inc. any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116-1118, and 1125(c) and under the common law, and the costs of this action, and such other and further relief as the Court deems just and proper.

Dated: May 24, 2005

IAQ, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

# The United States of America

**Nº 1720661**

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

**In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-ninth day of September 1992.**

**Acting Commissioner of Patents and Trademarks**

Int. Cl.: 35

Prior U.S. Cl.: 101

Reg. No. 1,720,661

**United States Patent and Trademark Office** Registered Sep. 29, 1992

## SERVICE MARK
PRINCIPAL REGISTER

## DUCT DOCTOR

DUCT DOCTOR, INC. (GEORGIA CORPORATION)
1925 SPALDING DRIVE
ATLANTA, GA 30350

FOR: CLEANING DUCTS FOR HEATING AND AIR CONDITIONING SYSTEMS, IN CLASS 35 (U.S. CL. 101).

FIRST USE -28-1990; IN COMMERCE 9-28-1990.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DUCT", APART FROM THE MARK AS SHOWN.

SER. NO. 74-2 543, FILED 1-21-1992.

LORI SCHULMA , EXAMINING ATTORNEY

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia 22202-3513

REGISTRATION NO: 1720661 SERIAL NO: 74238543 MAILING DATE: 01/08/2003
REGISTRATION DATE: 09/29/1992
MARK: DUCT DOCTOR
REGISTRATION OWNER: IAQ, INC.
CORRESPONDENCE ADDRESS:

WILLIAM BREWSTER
KILPATRICK STOCKTON LLP
1100 PEACHTREE ST., SUITE 2800
ATLANTA GA 30309-4530

# NOTICE OF ACCEPTANCE

15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*********************************************

# NOTICE OF RENEWAL

15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

*********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
035.

ROBERSON, FAITH
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

TMLT6 (9/99)

CPI Docketing
Initials VS
Date 2/12/03

RECEIVED
FEB 08 2003
By: [handwritten initials]