UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IAQ, INC. a/k/a Duct Doctor<br>Plaintiff<br><br>V.<br><br>DUCT DOCTOR, INC. f/k/a THE DUCT DOCTOR, INC., and PETER J. HODKINSON<br>Defendants | CIVIL ACTION NO. 05-226S |

**ANSWER AND COUNTERCLAIM**

Defendants, Duct Doctor, Inc. and Peter Hodkinson ("Duct Doctor" or "the Defendants"), answer the Complaint of the plaintiff, IAQ, Inc. ("IAQ"), as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 8 of the Complaint. Defendants admit the allegations of the remaining sentences of Paragraph 8 of the Complaint.

9. Defendants admit that, according to Network Solutions, IAQ registered the domain name <ductdoctor.com> on or about December 1, 1997 and that, as of June 30, 2005, the typing of that domain name into a web browser resolves to an active website captioned "Duct Doctor® USA." The contents of such website speak for themselves.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint.

12. Defendants admit the allegations of Paragraph 12 of the Complaint, but by way of further answer state that they, or those in privity with them, have used the Duct Doctor name in their business continuously since 1989.

13. Defendants admit that they are in the business of providing air duct cleaning services to commercial and residential customers in Massachusetts and Rhode Island, but are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13 of the Complaint.

14. Defendants admit that Duct Doctor, Inc. registered the domain name <ductdoctor-ne> in February 2003 and that typing of that domain name into a web browser resolves to an active website captioned "Duct Doctor New England." The contents of such website speak for themselves.

15. Defendants admit the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants admit that they received written notices dated and sent in January and April 2005, the contents of which speak for themselves. Defendants deny that their use of the Duct Doctor name in connection with their business is unlawful.

18. Defendant Hodkinson denies the allegations of Paragraph 18 of the Complaint.

COUNT I

19. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 18 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit that they use the "Duct Doctor" mark in their business, but are without information knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

COUNT II

29. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 28 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

COUNT III

32. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 31 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 35 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The Defendants are entitled to continue using the Duct Doctor mark in a limited area of Southeastern Massachusetts without infringing on Plaintiff's federal registration of the mark because they adopted the mark without knowledge of the Plaintiff's prior use, began using the mark before federal registration in a geographic area remote from the area of Plaintiff's use, and have been using the mark continuously since a date prior to federal registration.

THIRD AFFIRMATIVE DEFENSE

The Defendants believed or had reasonable grounds to believe that the use of the domain name <ductdoctor-ne> was a fair use or otherwise lawful.



7. The Duct Doctor mark has been continuously used by Duct Doctor, or those in privity with it, from a date prior to registration of the mark by IAQ to the present.

8. Duct Doctor began using the mark in a geographic area remote from the area of IAQ's use and where IAQ's mark was not known to customers.